## HOUSEMAN *vs.* STEWART.

[TROVER AGAINST SHERIFF FOR GOODS TAKEN UNDER ATTACHMENT.]

1. *Sheriff's liability in trover for levy of valid attachment.*—The act of a sheriff, in taking the defendant's property under a valid attachment, cannot be converted into a tort, as against a prior fraudulent grantee of the defendant, by the mere fact that the attachment suit is afterwards dismissed by the plaintiff; nor is he guilty of a tortious conversion of the property, when it is taken out of his hands by his successor in office, under another attachment issued by the plaintiff on the same debt, immediately after the dismissal of the first; both attachments, therefore, with their levies, would be competent evidence for him, when sued in trover.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JOHN GILL SHORTER.

TROVER by Jaque Houseman against James J. Stewart, to recover damages for the conversion of a stock of goods; plea, not guilty, with leave to give in evidence any special matter in bar of the action. It appears from the bill of exceptions, which was taken by the plaintiff, that the defendant, as sheriff of Montgomery county, took the goods on the 13th April, 1852, under an attachment in favor of Dorrance & Sons against Paul Marx; while the plaintiff claimed them under a conveyance from said Marx, which was executed on the night of the 12th April. There was evidence, which was introduced by the plaintiff, showing that Marx, who was his brother-in-law, was indebted to him for services rendered as

clerk, and for money lent, and that the goods were transferred to him in payment of this indebtedness; and, on the other hand, the defendant introduced evidence " tending to show that said conveyance was made and received with intent to hinder and defraud the creditors of Marx, and that the debt to Dorrance & Sons, on which said attachment was sued out, was contracted before said conveyance from Marx to plaintiff."

The defendant offered in evidence the attachment under which he took the goods, with the endorsement thereon showing his levy, which was issued and levied on the 13th April, 1852, and was returnable to the May term of the circuit court; and it was also shown that this attachment was dismissed by said Dorrance & Sons, at the ensuing October term of said court, after a plea in abatement had been interposed, and that said levy was dismissed on the 3d November. It was further shown, that said Dorrance & Sons, after said attachment was dismissed, sued out another attachment against said Marx, on the same debt, returnable to the May term of said court, 1853; that this second attachment was received in office by Henry Peebles, who was defendant's immediate successor in said office of sheriff, and was by him levied on said goods " whilst they were still in defendant's possession, and immediately after said first attachment and levy had been dismissed"; that this second attachment was prosecuted to judgment, and said goods were sold under execution issued thereon, and the proceeds of sale applied to the payment of said judgment. " The plaintiff then moved the court to exclude from the jury both of said attachments, with the levies thereon, because they do not constitute any defense in this suit, and are illegal and improper evidence; but the court overruled said motion, and plaintiff excepted."

The court charged the jury, " That if they believed from the evidence that the conveyance from said Marx to plaintiff was made with the intent to hinder, delay and defraud the creditors of Marx in the collection of their debts, and that plaintiff knew and concurred in such intention, and that the goods were afterwards seized by the defendant, as sheriff, under and by virtue of an attachment in favor of Dorrance & Sons, against said Marx, for a debt owing to them before the

conveyance from said Marx to plaintiff; and that said attachment and levy were afterwards dismissed by said Dorrance & Sons, and another attachment afterwards sued out by them against said Marx, on the same debt; and that this last attachment was received in office by the then sheriff of Montgomery county, and by him levied on said goods, whilst they were in the possession of the defendant, immediately after the dismissal of the first levy; and that this last attachment was prosecuted to judgment, and the goods sold under execution issued thereon,—then they must find a verdict for the defendant."

The plaintiff excepted to this charge, and he now assigns it as error, together with the ruling on the evidence.

NAT. HARRIS, for appellant.

H. C. SEMPLE, *contra.*

WALKER, J.—The act of a sheriff, in taking the defendant's property under a valid attachment, can not be converted into a tort against one to whom the property was fraudulently conveyed by the defendant before the levy, by the mere fact that the attachment suit was afterwards dismissed by the plaintiff. If another attachment on the same debt was issued and levied, *immediately after* the dismissal of the first suit, on the same property, by the successor in office of the sheriff who levied the first attachment, and the property was thus taken from the sheriff who first levied upon it, he would not be guilty of a tortious conversion of the property. In a suit to hold the sheriff liable, in reference to the property levied on by virtue of the first named attachment, both the said attachments, and the levies endorsed on them, would *prima facie* be competent evidence.

There is no error in the record, and the judgment of the court below is affirmed.